IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN R. IRVING, | No. C 18-1646 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| LT. D LOPES; LT. J. MALDONADO, | |
| Defendants. | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. 1983 alleging that prison officials unlawfully deprived him of his personal property, and that they have failed to replace it or provide compensation. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is DISMISSED for failure to state a cognizable claim for relief.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.　Legal Claims**

Plaintiff claims that prison officials took his personal property and failed to return it or compensate him for it. Plaintiff alleges that he filed administrative appeals regarding this claim, and that his appeal to the third level of review was granted. According to plaintiff, at the third level of review he was awarded compensation and several property items, but he still has not received this award. Plaintiff claims that prison officials have violated prison regulations governing his personal property. Neither the negligent nor intentional deprivation of property states a due process claim under Section 1983 if the deprivation was random and unauthorized, as is alleged here. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of

inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Accordingly, plaintiff's complaint must be dismissed for failure to state a cognizable claim for relief.

## CONCLUSION

For the reasons set out above, this case is **D**ISMISSED. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May 7, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE